IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CR-343-D
No. 5:21-CV-424-D

| | |
|---|---|
| KEVIN TERRELL BARKSDALE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On October 18, 2021, Kevin Terrell Barksdale ("Barksdale" or "petitioner") moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 360-month concurrent sentence for conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine (count one), distribution of 50 grams or more of methamphetamine (count two), distribution of 5 grams or more of methamphetamine (count three), and distribution of 50 grams or more of methamphetamine (count four) [D.E. 66]. On November 19, 2021, the government moved for summary judgment [D.E. 70] and filed a memorandum [D.E. 71]. On December 10, 2021, Barksdale responded in opposition [D.E. 74]. As explained below, the court denies the government's motion for summary judgment and directs Magistrate Judge Jones to hold an evidentiary hearing on Barksdale's claim that his counsel failed to file a notice of appeal as directed.

I.

On September 3, 2020, without a plea agreement and after a thorough Rule 11 colloquy, Barksdale pleaded guilty to conspiracy to distribute and possession with intent to distribute 50 grams or more of methamphetamine (count one), distribution of 50 grams or more of

methamphetamine (count two), distribution of 5 grams or more of methamphetamine (count three), and distribution of 50 grams or more of methamphetamine (count four). See [D.E. 46]; PSR [D.E. 55]. On March 10, 2021, the court held Barksdale's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); [D.E. 59]; [D.E. 76]. The court overruled Barksdale's objection to firearm enhancement under U.S.S.G. § 2D1.1(b)(1) and (b)(2) and calculated Barksdale's total offense level to be 41, his criminal history category to be V, and his advisory guideline range to be 360 months' to life imprisonment on each count. After thoroughly considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Barksdale to 360 months' imprisonment on counts one, two, three, and four to run concurrently. See [D.E. 60]. Barksdale did not appeal.

In Barksdale's section 2255 motion, Barksdale claims that he instructed his counsel to file a notice of appeal, but his attorney failed to do so. See 2255 Mot. [D.E. 66]. The government has submitted a declaration from Barksdale's former attorney in which the attorney states that he met with Barksdale immediately after the sentencing hearing, discussed Barksdale's right to appeal, and Barksdale told counsel that he did not wish to appeal and signed a statement to that effect which counsel retained in his file. See [D.E. 71-1] 1–2. The government attached counsel's declaration and Barksdale's signed statement to its response in opposition. See id. at 1–3. Barksdale replies that counsel coerced him into signing the statement. See [D.E. 74] 2.

Barksdale argues he received ineffective assistance of counsel because counsel failed to file an appeal as instructed. See 2255 Mot. at 4. Summary judgment is appropriate when, after reviewing the record as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Scott v. Harris, 550 U.S. 372, 380 (2007); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking

2

Case 5:19-cr-00343-D   Document 78   Filed 08/08/22   Page 2 of 5

summary judgment initially must demonstrate the absence of a genuine issue of material fact or the absence of evidence to support the nonmoving party's case. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, see Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. See Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. See Scott, 550 U.S. at 380.

A genuine issue of material fact exists if there is sufficient evidence favoring the nonmoving party for the factfinder to return a verdict for that party. Anderson, 477 U.S. at 249. "The mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient . . . ." Id. at 252; see Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985) ("The nonmoving party, however, cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another."). Only factual disputes that affect the outcome properly preclude summary judgment. See Anderson, 477 U.S. at 248.

In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225–26 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

The Sixth Amendment imposes a duty upon "counsel to consult with the defendant

3

concerning whether to appeal when counsel has reason to believe 'either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.'" United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000)); accord Garza v. Idaho, 139 S. Ct. 738, 746–50 (2019); United States v. Cooper, 617 F.3d 307, 312–14 (4th Cir. 2010); Miller v. United States, 150 F. Supp. 2d 871, 881 (E.D.N.C. 2001). The Supreme Court has "defined the term 'consult' to mean 'advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.'" Miller, 150 F. Supp. 2d at 879 (quoting Flores-Ortega, 528 U.S. at 478). "In cases where the attorney consulted with petitioner about an appeal, the attorney 'performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.'" Id. (quoting Flores-Ortega, 528 U.S. at 478); see Garza, 139 S. Ct. at 746–50; United States v. Peak, 992 F.2d 39, 41–42 (4th Cir. 1993).

To demonstrate ineffective assistance of counsel, a party also must show that counsel's deficient performance prejudiced the party. See Strickland v. Washington, 466 U.S. 668, 691–96 (1984). A party does so by showing there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694. When a defendant claims counsel performed deficiently by failing to file a notice of appeal, a defendant shows prejudice by "demonstrat[ing] that there is a reasonable probability that, but for counsel's deficient failure . . . he would have timely appealed." Flores-Ortega, 528 U.S. at 484. The court presumes prejudice when a defendant loses an opportunity to appeal that he would have taken but for counsel ignoring a defendant's express instructions to file a notice of appeal. See Garza, 139 S. Ct. at 749–50; Flores-Ortega, 528 U.S. at 484–86.

Construing the evidence in the light most favorable to Barksdale, a genuine issue of material fact exists concerning the substance of Barksdale's consultations with counsel about filing a notice of appeal. See Garza, 139 S. Ct. at 746–50; Flores-Ortega, 528 U.S. at 480; United States v. Tidd, 582 F. App'x 242, 242 (4th Cir. 2014) (per curiam) (unpublished). The court directs Magistrate Judge Jones to hold an evidentiary hearing on this claim and to issue a memorandum and recommendation. See, e.g., Toney v. United States, Nos. 5:16-CR-12-D-5, 5:21-CV-221-D, 2022 WL 866303 (E.D.N.C. Mar. 7, 2022) (unpublished), report and recommendation adopted, 2022 WL 855285 (E.D.N.C. Mar. 22, 2022) (unpublished); Diaz v. United States, Nos. 7:09-CR-100-D, 7:11-CV-43-D, 2014 WL 7384974 (E.D.N.C. Dec. 29, 2014) (unpublished); Rahman v. United States, Nos. 7:08-CR-126-D, 7:10-CV-69-D, 2013 WL 5222160 (E.D.N.C. Aug. 27, 2013) (unpublished), report and recommendation adopted, 2013 WL 5230610 (E.D.N.C. Sept. 16, 2013) (unpublished). The court requests Judge Jones to assess Barksdale's credibility at the hearing. If Judge Jones determines that Barksdale committed perjury at the hearing concerning his discussions with his former counsel concerning an appeal, the memorandum and recommendation should so state. Thus, the court denies the government's motion for summary judgment.

II.

In sum, the court DENIES respondent's motion for summary judgment [D.E. 70] and REFERS petitioner's claim that counsel did not comply with his express instruction to file an appeal to Judge Jones for a prompt evidentiary hearing and a memorandum and recommendation.

SO ORDERED. This 8 day of August, 2022.

JAMES C. DEVER III
United States District Judge

5